INDIANA STATE PERSONNEL BOARD, ETC., ET AL. *v.* DIVEN.

[No. 29,025. Filed April 1, 1954.]

*Edwin K. Steers,* Attorney General, *Robert Hollowell,* Chief Counsel to Attorney General, *Oscar C. Crawford,* Deputy Attorney General, for appellant.

*Symmes, Fleming & Symmes,* of Indianapolis, for appellee.

FLANAGAN, J.—Appellee was discharged as an employee of the Indiana Department of Public Welfare. Upon hearing, the Indiana State Personnel Board sustained the discharge.

Petition for judicial review was filed in the Marion Superior Court by appellee, pursuant to the provisions of Chapter 365 of the Acts of 1947 (Acts 1947, page 1451), §63-3001 et seq., Burns' 1951 Replacement. The transcript of the record before the Indiana State Personnel Board was introduced in the Marion Superior Court. No further evidence was offered or heard. The decision of the State Personnel Board was reversed, with the order that appellee should be reinstated as an employee of the Department of Public Welfare.

The question before the trial court, and the question here, is whether the decision of the Indiana State Personnel Board was supported by substantial evidence.

The evidence is that:

At the time of his discharge in 1951, appellee was Director of Staff Services for the Welfare Department. His duties required him to supervise about seventy-five employees, who constituted the personnel of accounts and audits and central file sections, approximately one-third of the entire Welfare Department. In addition, he was a member of the legal staff. He had been continuously an employee from 1936. All his service ratings filed with the Indiana State Personnel Bureau, so far as disclosed by the evidence, were "satisfactory," "very good," or "superior."

The only evidence submitted on the question of inefficiency or insubordination was:

1. His superior sent him a memorandum requesting his appearance at a meeting, and *suggesting* that he bring two of his staff members. Appellee appeared, but without two staff members.

2. On November 30th of an unidentified year, appellee was requested to prepare data for the legislative session which would open in January. On December 5th, the person whom the superior thought should prepare the data had not been notified to do so by appellee.

3. In preparation of the biennial budget, errors were made by some of the employees under appellee's supervision. There is no evidence that appellee could have discovered such errors.

4. In department meetings, appellee "tended to sit back and not offer his opinions."

5. On two occasions when he was requested to attend meetings, in counties outside Marion County, appellee called attention to the fact that previous plans interfered. However, he attended the meetings.

6. On one occasion appellee failed to fill out a form as to the time he intended to take his vacation. However, appellee testified that he had arranged the matter

directly with his superior, who testified that may have happened.

7. All department heads had been instructed not to release information to the press unless cleared through the Department Administrator. Appellee granted an interview to a reporter for The Indianapolis Star. His superior claimed he violated instructions. But the interview as reported did not concern "information" from the Department of Public Welfare. It concerned appellee's private opinions as a lawyer concerning the effect of certain legislation.

We find nothing in the above evidence, or in any part of the record, to show inefficiency or insubordination. The trial court held properly.

Judgment affirmed as to reversal of the decision of the Indiana State Personnel Board, and cause ordered remanded to the Indiana State Personnel Board for further proceedings not inconsistent with this opinion.

Draper, C. J., and Bobbitt, Emmert, and Gilkison, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 367.